# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| OCTAVIUS MATTHEWS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CASE NO. 3:19-CV-00347-ECM-SRW |
| ) | |
| WAFFLE HOUSE, et al., ) | |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION[1]

### I.  Introduction

Plaintiff, who is proceeding *pro se*, filed this action on May 14, 2019, bringing claims against defendants Waffle House, D. Pak, and Ciara Fleminister for "wrongful termination [and] unfairness" on the basis of his sex, and "retaliation as misconduct." Doc. 1 at 1, 5. Plaintiff seeks money damages for these alleged injuries. Doc. 1 at 2.

On May 29, 2019, this court entered an order granting plaintiff's application to proceed *in forma pauperis*. Doc. 4. *In forma pauperis* proceedings are governed by 28 U.S.C. § 1915, which requires this court to conduct a preliminary review of the complaint to ensure the action is not "frivolous or malicious," "fails to state a claim on which relief can be granted," or "seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B). Accordingly, the court now conducts such a review pursuant to 28 U.S.C. § 1915.

---

[1] By order entered May 24, 2019, the district judge referred this case to the undersigned for consideration and disposition or recommendation on all pretrial matters. Doc. 3.

## II.    Discussion

Because plaintiff proceeds *pro se*, the court will liberally construe the allegations of his complaint. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Additionally, "'a [pro se] plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice'—at least, that is, where 'a more carefully drafted complaint might state a claim." *Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019) (quoting *Woldeab v. Dekalb Cty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018)).

On October 8, 2019, this court directed plaintiff to file an amended complaint, in compliance with the Federal Rules of Civil Procedure, clearly indicating which causes of action he intends to state against the defendants and to set forth clearly and concisely the material facts giving rise to the cause(s) of action against each defendant separately. Doc. 5 at 4. The order also stated that plaintiff's case may be dismissed if he failed to submit an amended complaint in compliance with the order. *Id.* On October 15, 2019, plaintiff submitted a supplemental filing titled "Findings of Facts" responsive to the court's October 8 order. Upon review of the plaintiff's complaint and supplemental filing, liberally construed, this court concludes that plaintiff's complaint is due to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted, for the reasons discussed below.

### A.    Whether Waffle House is a Covered Employer Under Title VII

Plaintiff's complaint does not allege facts sufficient to show that defendant Waffle House is a covered employer for the purposes of Title VII, a deficiency which was noted

in this court's October 8 order. Doc. 5 at 3; *see* 42 U.S.C. § 2000e-2(a)(1); *Fredette v. BVP Mgmt. Assocs.*, 112 F.3d 1503, 1505 (11th Cir. 1997). Plaintiff's supplemental filing fails to allege any further facts which would establish that Waffle House is a covered employer under Title VII. Therefore, plaintiff has failed to state a claim on which relief can be granted. In an abundance of caution, this court examines whether plaintiff's complaint meets other requirements of Title VII as well.

    B.    Sex Discrimination

The court's October 8 order recognized that the facts alleged in plaintiff's complaint could be construed as alleging that he was a member of a protected class and that he was subjected to an adverse employment action, two of the four elements necessary to state a *prima facie* claim of sex discrimination under Title VII. Doc. 5 at 3. The court noted that in order to make out a claim for sex discrimination under Title VII, plaintiff must allege additional facts supporting the conclusions that (1) plaintiff was qualified for his position at the time he was terminated, and (2) persons similarly situated to plaintiff outside the protected class were treated more favorably. *Id.*; *see Lewis v. City of Union City*, 918 F.3d 1213, 1224 (11th Cir. 2019); *Walker v. NationsBank N.A.*, 53 F.3d 1548, 1556 (11th Cir. 1995). Plaintiff's supplemental filing does not allege additional facts showing that plaintiff was qualified or that similarly situated individuals not in plaintiff's protected class were treated more favorably. Doc. 6. Thus, plaintiff has failed to state a claim for sex discrimination under Title VII.

    C.    Retaliation

This court further explained that, in order to set out a claim for retaliation under Title VII, plaintiff must allege additional facts supporting the conclusions (1) that he engaged in a statutorily protected activity, and (2) that his employer subjected him to an adverse employment action *because* he engaged in a statutorily protected activity. Doc. 5 at 3; *see Chapter 7 Trustee v. Gate Gourmet, Inc.*, 683 F.3d 1249, 1258 (11th Cir. 2012). In doing so, it recognized that plaintiff's complaint could be construed to allege only that he had been subjected to an adverse employment action, one of the three necessary elements to make out a *prima facie* claim of retaliation under Title VII. Plaintiff's EEOC notice of dismissal and "Waffle House Complaints" list, filed together with his complaint, appear to indicate that plaintiff filed as many as six complaints with defendant Waffle House prior to being terminated on December 28. *See* Docs. 1-1, 1-2. However, plaintiff's supplemental filing fails to articulate explicitly whether or how those complaint constitute protected activity under Title VII. Doc. 6. Furthermore, plaintiff has not alleged any facts to demonstrate that the adverse employment action he experienced was related to his engagement in a protected activity. *Id.* Plaintiff merely states in a conclusory manner that "plaintiff was being retaliated upon." *Id.* Thus, plaintiff has failed to state a claim for retaliation under Title VII.

    D.    Rule 8 Pleading

Finally, this court outlined the requirement of Rule 8 of the Federal Rules of Civil Procedure to set out a "short and plain statement of the claim showing that the pleader is entitled to relief" and that each factual allegation be "simple, concise, and direct." Doc. 5 at 4. "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a

4

claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). As discussed above, plaintiff has failed to allege sufficient factual matter which would show that he is entitled to relief under Title VII, and plaintiff does not state any other cause of action.

### III.  Conclusion

Accordingly, it is the RECOMMENDATION of the magistrate judge that this matter be DISMISSED prior to service of process in accordance with 28 U.S.C. § 1915(e)(2)(b). It is further:

ORDERED that **on or before March 16, 2020**, plaintiff may file an objection to this Report and Recommendation. Any objection filed must specifically identify the findings in the magistrate judge's recommendation to which plaintiff objects. Frivolous, conclusive, or general objections will not be considered by the court.

Failure to file written objections to the proposed factual findings and legal conclusions set forth in the recommendations of the magistrate judge shall bar a party from a *de novo* determination by the district court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon the grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 966 F.2d 1144, 1149 (11th Cir. 1993) (per curiam); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, on this the 2nd day of March, 2020.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge